GRIFFIN, J.
This is an Anders[1] appeal in which we find no reversible error.
Despite affirmance, we remand the judgment and sentence on Count 2 for correction of a scrivener’s error in the written sentencing documents. See, e.g., Johnson v. State, 84 So.3d 452 (Fla. 5th DCA 2012) (affirming Anders appeal, but remanding for correction of scrivener’s error). Here, the trial court habitualized appellant, Moses Taylor [“Moses”], as to Count 1 (Sale of Cocaine), but did not provide for the same enhancement for Count 2 (Possession of Cocaine). Nevertheless, the written sentence as to Count 2 incorrectly indicates habitual offender enhancement.
Consistent with the oral pronouncement (and the plea agreement), Moses received a five-year statutory maximum sentence for Count 2, a third degree felony. Section 775.084(l)(a)3., Florida Statutes, does not allow enhanced habitual offender sentences for possession of a controlled substance; thus, it was clearly not the intention of the trial court to sentence Moses as a habitual offender for Count 2.
AFFIRMED. Sentence on Count 2 VACATED; and REMANDED for correction.
LAWSON and COHEN, JJ„ concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).