PERRY, J.
Sidney Norvil, Jr., seeks review of the decision of the Fourth District Court of Appeal in Norvil v. State, 162 So.3d 3 (Fla. 4th DCA 2014), on the ground that it expressly and directly conflicts with Yisrael v. State, 65 So.3d 1177 (Fla. 1st DCA 2011), Mirutil v. State, 30 So.3d 588 (Fla. 3d DCA 2010), and Gray v. State, 964 So.2d 884 (Fla. 2d.DCA 2007), on the issue of whether a trial court violated a defendant’s due process rights at sentencing by considering a subsequent arrest without conviction during sentencing for the primary offense. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For reasons provided below, we hold that a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. We therefore quash the decision of the Fourth District in Nor-vil and approve the conflict cases.
The relevant facts were summarized by the Fourth District Court of Appeal as follows:
The defendant entered an open plea to the charge of armed burglary of a dwelling. Before sentencing,- the state filed a sentencing memorandum recommending that the court consider, a new charge pending against the defendant for burglary of a vehicle. Defense counsel responded with a sentencing memorandum objecting to the state’s recommendation.
At the sentencing hearing, defense counsel renewed her objection'and asked that the court not consider the pending burglary charge. She explained that the defendant had denied the charge and that she had not had an opportunity to 'investigate the'facts of the case. The trial court, however, inquired about the nature and status of the pending burglary case. The state informed the court that the new charge involved burglary of a retired deputy’s vehicle. -The state further advised the trial court that a fingerprint technician’s report revealed that the defendant’s fingerprints were *408 found on CD cases stacked on the center console of the vehicle.
Before pronouncing sentence, the trial court referred to the pending burglary charge, along with a trespass charge to which the defendant' had already entered a plea, and noted that both arrests occurred while the defendant was out on bond awaiting trial in this case. The court commented:
We have two Sidney [Norvil Junior]. We have the Sidney Norvil that [defense counsel] knows and that meets with her, expresses all these positive things about his outlook in life. We have the Sidney Norvil that comes to court respectful, in business attire, conducts himself as a gentleman.
And then we have the Sidney Norvil who acts out on the street and constantly-is getting arrested while out on bond, arrested for trespass at a place, at a mall, arrested now for burglary of a retired deputy sheriffs car, with fingerprint identification. And these arrests aren’t distant arrests. These arrests occur while out on bond in this case.
[[Image here]]
[T]he Sidney Norvil that is committing crimes is the Sidney Norvil that’s running around with his friends breaking into people’s cars — breaking into people’s houses.
The trial court declined to sentence the defendant as a youthful offender, and instead sentenced him to twelve years in prison.
Norvil, 162 So.3d at 5-6. Norvil appealed to the Fourth District Court of Appeal. Even though the Fourth District affirmed the trial court’s order and Norvil’s sentence, the district court, en banc, elected to address the issue regarding the trial court’s consideration of subsequent charges pending against Norvil at sentencing. Id. at 5. The Fourth District upheld consideration of Norvil’s subsequent arrest and charges at sentencing because: “(1) the new charge was relevant; (2) the allegations of criminal conduct were supported by evidence in the record; (3) the defendant had not been acquitted of the charge that arose from the subsequent arrest; (4) the record [did] not show that the trial court placed undue emphasis on the subsequent arrest and charge in imposing [the] sentence; and (5) the defendant had an opportunity to explain or present evidence on the issue of his prior and subsequent arrests.” Id. at 9.
The issue before this Court is whether the trial court violated the defendant’s due process rights by considering a subsequent arrest without conviction during sentencing for the primary offense, and is thus a pure question of law. Accordingly, the proper standard of review is de novo. See Cromartie v. State, 70 So.3d 559, 563 (Fla.2011).
Chapter 921, which includes the Criminal Punishment Code (CPC), governs sentencing in Florida. The CPC dictates that:
[t]he provision of criminal penalties and of limitations upon the application of such penalties is a matter of predominantly substantive law and, as such, is a matter properly addressed by the Legislature. The Legislature, in the exercise of its authority and responsibility to establish sentencing criteria, to provide for the imposition of criminal penalties, and to make the best use of state prisons so that violent criminal offenders are appropriately incarcerated, has determined that it is in the best interest of the state to develop, implement, and revise a sentencing policy.
*409 § 921.002(1), Fla. Stat. (2010). The CPC embodies the principles that:
[t]he primary purpose of sentencing is to punish the offender. Rehabilitation is a desired goal of the criminal justice- system but is subordinate to the goal of punishment. The penalty imposed is commensurate with the severity of the primary offense and the circumstances surrounding the primary offense. The severity of the sentence increases with the length and nature of the offender’s prior record. .
§ 921.002(l)(b), (c), and (d), Fla. Stat. (2010). We recognized almost identical principles in Hall v. State, 823 So.2d 757, 759-60 (Fla.2002), abrogation on Other grounds recognized in State v. Johnson, 122 So.3d 856, 862 (Fla.2013).
In the present case, the record reflects that the sentencing judge ordered a pre-sentencing investigation (PSI) report purl suant to § 921.231(1), Fla. Stat. (2010). The purpose of the PSI report is to provide the sentencing court with information that is helpful in determining the type of sentence that should be imposed. Fla. R.Crim. P. 3.712(a). This report must include, inter alia, the offender’s prior' record of arrests and convictions. § 921.231(l)(c), Fla. Stat. (2010). In other words, by definition, the arrests and convictions considered by a trial judge in.sentencing occur “prior to the time of the primary offense,” and not subsequent to the primary offense. § 921.0021(5), Fla. Stat. (2010). Additionally, the terms “primary offense” and “prior record,” which are included in the CPC’s sentencing principles, do not include a subsequent arrest and its . related charges. See §§ 921.0021(4)(5), Fla. Stats. (2010).
With regard to the sentencing criteria enunciated in chapter 921, along with its applicable definitions, we conclude that the CPC is unambiguous concerning the factors a trial court .may consider in sentencing a defendant. The Legislature included prior arrests as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(l)(c), . Fla. Stat. (2010). However, if the Legislature had intended to include subsequent arrests and their related charges as permissible sentencing factors, it would have done so. See Koster v. Sullivan, 160 So.3d 385, 390 (Fla.2015) (“Florida courts are ‘without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ ”) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)).
The record demonstrates that the trial court relied on the subsequent arrest and charge, which Norvil denied and also had not been tried for, in imposing sentence in the present case. Immediately before pronouncing sentence, the trial court stated that it saw two Sydney Norvils, one, in particular, who was. “arrested now for burglary of a retired deputy sheriffs car, with fingerprint identification” and “running around with his friends breaking into people’s cars.” Even-though the record shows that the prosecutor did not go into detail about the evidence in the burglary of a vehicle charge — two fingerprints found on a CD case — based on the trial court’s comments, the trial court emphasized and relied upon the subsequent arrest and its related charge of burglary of a vehicle in sentencing Norvil on the primary offense.
Accordingly, the State failed to show that the trial "court did not rely on the pending charge resulting from the subsequent arrest for burglary of a dwelling. Furthermore, chapter 921 is unambiguous and specifically states that prior arrests and convictions, not subsequent arrests and their related charges, are appropriate *410 sentencing considerations. In conclusion, we adopt the following bright line rule for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. This rule is consistent with' the Criminal Punishment Code, and it preserves a defendant’s due process rights during sentencing. •
We' therefore quash the Fourth District's decision in Norvil and approve Yis-«⅝ Gray; arid'Mirutil. '
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY, J., dissents with an opinion, in which POLSTON, J., concurs.