**Donarius Javorius JOHNSON,
Appellant,**

v.

**STATE of Florida, Appellee.**

**No. 4D14–3589.**

District Court of Appeal of Florida,
Fourth District.

Aug. 24, 2016.

Carey Haughwout, Public Defender, and Jonathan Dodson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assis-

tant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Donarius Johnson, appeals his conviction and twelve-year sentence for one count of possession of a firearm or ammunition by a convicted felon. On appeal, Appellant argues that the trial court erred by: (1) allowing the State to call the victim as a witness for the primary purpose of impeaching the witness; (2) admitting the victim's written statement into evidence as a past recollection recorded; (3) admitting the victim's verbal statements to the responding police officer into evidence; (4) admitting the 911 call into evidence; (5) allowing the State to call a rebuttal witness; (6) allowing the State to delve into the circumstances of the victim's felony conviction; and (7) considering Appellant's subsequent, pending charges during sentencing.

■ As to issue two, we agree with Appellant that the trial court erred in admitting the victim's written statement into evidence as a past recollection recorded. Nonetheless, we hold that the error was harmless beyond a reasonable doubt in light of the other properly admitted evidence. *See Witham v. Sheehan Pipeline Constr. Co.*, 45 So.3d 105, 109 (Fla. 1st DCA 2010) ("An error in the introduction of evidence may be considered harmless if the evidence is merely cumulative to other evidence that was properly introduced."). As to issues one, three, four, five, and six, we find that the trial court did not abuse its discretion and affirm without further comment. However, as to issue seven, we reverse and remand for resentencing because the trial court relied on impermissible factors during sentencing.

In sentencing Appellant, the trial court, pursuant to our holding in *Norvil v. State*, heard evidence on, and considered Appel-

lant's two pending charges, both of which resulted from incidents that took place after Appellant committed the underlying offense in this case. 162 So.3d 3, 9 (Fla. 4th DCA 2014) (holding "that a sentencing court may properly consider subsequent arrests and related charges, if relevant, in determining an appropriate sentence"), *quashed by* 191 So.3d 406 (Fla.2016).

■ During the pendency of this appeal, the Florida Supreme Court quashed our holding in *Norvil v. State* and announced the following bright line rule for sentencing purposes: "a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. This rule is consistent with the Criminal Punishment Code, and it preserves a defendant's due process rights during sentencing." 191 So.3d 406, 410 (Fla.2016), *quashing* 162 So.3d 3 (Fla. 4th DCA 2014). Although Appellant's sentence falls within the permissible statutory range for the type of crime committed, it cannot be said that the trial court's consideration of Appellant's subsequent, pending charges played no part in the twelve-year sentence imposed. *See* § 790.23(1)(a), (3), Fla. Stat. (2014) (providing that a convicted felon who possesses a firearm commits a felony of the second degree); § 775.082(3)(d), Fla. Stat. (2014) (providing that a felony of the second degree is punishable "by a term of imprisonment not exceeding 15 years").

Accordingly, while we affirm Appellant's conviction, we reverse his sentence and remand for resentencing.

*Affirmed in part, reversed in part, and remanded with instructions.*

WARNER and MAY, JJ., concur.