PER CURIAM.
Appellant was sentenced to a level 8 commitment for burglary and other charges. We understand the trial court’s frustration with appellant. During a weekend recess of his trial in this case, appellant was arrested for a new burglary charge, allegedly committed while he was wearing a monitoring device. At sentencing, the Department of Juvenile Justice Predisposition Report essentially recommended a level 6 commitment for this case. We reverse the sentence because the court failed to make the specific findings mandated by E.A.R. v. State, 4 So.3d 614 (Fla.2009). In that case, the Supreme Court held that a court departing from a DJJ sentencing recommendation must:
(1) Articulate an understanding of the respective characteristics of the opposing restrictiveness levels ... including (but not limited to) the type of child that each restrictiveness level is designed to serve, the potential “lengths of stay” associated with each level, and the divergent treatment programs and services available to the juvenile at these levels (the DJJ possesses the expertise to provide this information); and
(2) Then logically and persuasively explain why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile — in the least restrictive setting — and maintaining the ability of the State to protect the public from further acts of delinquency.
Id. at 633. We also note that during sentencing, the court took into account appellant’s arrests without conviction that occurred after the crimes in this case. Although consistent with the law in this district at the time of sentencing, this violated appellant’s due process rights under the recent case of Norvil v. State, 191 So.3d 406 (Fla.2016).

Reversed and remanded for resentenc-ing.

CIKLIN, C.J., GROSS and TAYLOR, JJ., concur.