Gross, J.
The question presented in this appeal is whether a sentencing judge may consider similar fact evidence admitted at trial. We hold that such similar fact evidence is a proper sentencing consideration under the Criminal Punishment Code and affirm.
Appellant was charged with one count of sexual battery of a person 12 years of age or older, without physical force, contrary to section 794.011(5), Florida Statutes (2013).
At trial, the victim, who was 18 when the crime was committed, testified that she had been friends with appellant’s stepdaughter since first grade. On the night of the incident, she spent the night at appellant’s home and slept in the stepdaughter’s room. At about 2:15 a.m., the victim awoke and discovered appellant’s fingers inside her vagina. She asked appellant what he was doing; appellant replied that he did not know and left the room.
Appellant testified that he had no memory of the encounter. He further testified that on the night of the incident he took prescription Ambien and Xanax and fell asleep. The next thing he remembered, he was standing in the living room feeling disoriented. He answered a phone in the living room. The victim was the caller. He asked what was wrong and she responded, “Why you were touching me ,,., You were touching me; you were fingering me.” Appellant asked if the victim had had a bad dream, but she responded, “No, it really happened.” Appellant testified that he did not know why the victim would accuse him of such things and that he would never hurt her; he insisted he “wouldn’t do that; it’s not who [he is].” Appellant said it hurt him that the victim would say such things about him and he knew “deep down in [his] heart [he] would not do this.” He insisted he was “not that type of person” and “not that type of guy.”
After appellant’s direct examination, the trial judge permitted two areas of cross-examination involving similar fact evidence of other acts. See § 90,404(2)(a), Fla. Stat *149 (2013). First, the court allowed questioning about a sexual encounter between appellant and his wife after appellant took Am-bien, which he claims he did not remember afterwards. The court ruled that such evidence showed appellant was aware of the intoxicating effects of the drug. Second, the court allowed questioning of appellant about an incident with appellant’s stepdaughter; the prosecutor asked if there was a time when the stepdaughter woke up to find appellant’s hand inside her pants, touching her vagina. Appellant insisted that was “not the truth ... I don’t want you to think that’s what happened because that is not what happened.”
When called as a rebuttal witness, the stepdaughter testified about an incident when she watched a movie with her mother and appellant, who had consumed a 32 ounce bottle of Jack Daniels. They all fell asleep on a futon. The stepdaughter woke up to appellant’s hand “rubbing back and forth inside [her] vagina.” The stepdaughter pushed appellant away and ran to get her mother. They were unable to wake appellant. When confronted, appellant said he could not believe he would do something like that.
At sentencing, the trial judge found the crime was not an isolated incident because of appellant’s acts with his wife and stepdaughter.
We reject appellant s argument that the trial judge was prohibited from considering incidents with his wife and stepdaughter at sentencing. Both incidents, in large part, were part of the evidence admitted at trial. The legislature has identified trial testimony and evidence as a proper sentencing consideration. Section 921.231, Florida Statutes (2013), permits a trial judge to request a presentence investigation report. Among other things, the full report “shall include” a “complete description of the situation surrounding the criminal activity with which the offender has been charged, including a synopsis of the trial transcript, if one has been made.” § 921.231(l)(a).
The admission of similar fact evidence at trial distinguishes this case from Norvil v. State, 191 So.3d 406 (Fla. 2016). There the supreme court held that a sentencing court could not consider arrests without conviction occurring after the primary offense. Id. at 409. The court found that such subsequent arrests were not specified as proper sentencing factors in sections 921.0021 and 921.231, Florida Statutes. Id. This is in contrast to trial evidence, which is properly before the sentencing court.

Affirmed.

Warner and May, JJ., concur.