Damoorgian, J.
Appellant, Kizzie Styles, appeals her conviction and sentence for one count of first degree murder with a firearm. Appellant argues the trial court reversibly erred by: (1) denying her motion for judgment of acquittal; (2) excluding evidence of the victim’s purported reputation for violence; (3) denying her motion for mistrial based on the prosecutor’s comments during opening and closing; and (4) restricting cross-examination of an eyewitness. We affirm on all grounds and write only to address Appellant’s argument that the trial court abused its discretion in excluding evidence of the victim’s purported reputation for violence.
The State’s evidence at trial established the following. Appellant and the victim had an ongoing romantic relationship which could best be described as tumultuous. On the night of the murder, Appellant, the victim, and the victim’s then girlfriend were in a parked vehicle together. Appellant, who was sitting in the back seat, pulled out a gun and shot the victim several times from behind and several more times after she exited the vehicle. At some point, the victim shot back, hitting Appellant twice. The victim’s girlfriend was also shot, but survived and testified against Appellant. The victim died from his injuries on the way to the hospital.
Appellant’s theory of défense at trial was that the victim and his girlfriend were the shooters, and that Appellant was the unarmed victim of their drug-fueled shootout. To support this theory, Appellant relied upon the testimony of a toxicologist who established that the victim had alcohol and methylone in his system when he died. The toxicologist explained that a person under the influence of methylone can become anxious, agitated, and paranoid depending on the user’s underlying personality. In light of the toxicologist’s testimony, Appellant sought to introduce evidence of the victim’s alleged reputation for violence and his history of assaulting females with firearms. The court denied the motion. Notwithstanding the court’s ruling, Appellant testified on direct that the victim was *1044 a violent, drug-user. Appellant was ultimately found guilty of first degree murder as charged and sentenced to life in prison.
On appeal, Appellant argues that the trial court abused its discretion in preventing her from introducing evidence of the victim’s reputation for violence. Appellant maintains that such evidence was relevant in that it tended to show that the victim was the aggressor, which in turn could have supported her theory that she was the unarmed victim of a drug-fueled shoot-out. The State counters that the court properly excluded evidence of the victim’s purported reputation for violence because Appellant never asserted the defense of self-defense. We agree with the State.
Under Florida law, it is well established that generally, “[e]vidence of a person’s character or a trait of character is inadmissible to prove action in conformity with it on a particular occasion.” § 90.404(1), Fla. Stat. (2015). However, “evidence of a pertinent trait of character of the victim of the crime offered by an accused” is admissible to prove that the victim acted in conformity with that character trait at the time of the crime. § 90.404(l)(b)l., Fla. Stat. (2015). Before a defendant is permitted to introduce evidence of a victim’s aggressive character, however, the defendant must affirmatively assert a self-defense claim or present evidence casting doubt on who was the first aggressor. See Banks v. State, 351 So.2d 1071, 1072 (Fla. 4th DCA 1977) (“Evidence of a deceased’s violent character is admissible when self defense is asserted if there is an issue as to either the conduct of the deceased or the reasonableness of the defendant’s belief as to imminent danger from the deceased.”); Dupree v. State, 615 So.2d 713, 720-21 (Fla. 1st DCA 1993) (“[W]e have found no Florida case in which aggressive character evidence was allowed without evidence as well of self-defense or doubt regarding who was the first aggressor.”); see also Antoine v. State, 138 So.3d 1064, 1074 (Fla. 4th DCA 2014) (reiterating that “[a] victim’s reputation for violence is admissible in self-defense cases, regardless of the defendant’s knowledge, to demonstrate that the victim was the aggressor”).
In the present case, it is undisputed that Appellant did not raise the defense of self-defense at trial. Quite to the contrary, Appellant’s entire defense rested on the theory that she never touched or fired a gun and was merely an innocent bystander victim. Accordingly, the trial court properly denied Appellant’s request to introduce evidence of the victim’s reputation for violence. See Dupree, 615 So.2d at 721 (holding “that the trial court properly excluded the proffered character evidence, because the defendant did not show how the victim’s character was pertinent, that is, he did not rely on the defense of self-defense or raise an issue concerning who was the initial aggressor”). Additionally, it is worth noting that despite the court’s ruling, Appellant was permitted on direct to paint a portrait of the victim as an overall violent, drug-using individual. See Witham v. Sheehan Pipeline Constr. Co., 45 So.3d 105, 109 (Fla. 1st DCA 2010) (“An error in the introduction of evidence may be considered harmless if the evidence is merely cumulative to other evidence that was properly introduced.”); see also Johnson v. State, 204 So.3d 521, 522 (Fla. 4th DCA 2016) (applying the harmless error holding from Witham to a criminal case).

Affirmed.

May and Conner, JJ., concur.