IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNNY MACK BROWN, JR.,

        Appellant,

v.                                                                                   Case No. 5D16-3489

STATE OF FLORIDA,

        Appellee.

_____/

Opinion filed August 18, 2017

Appeal from the Circuit Court
for Brevard County,
Robin C. Lemonidis, Judge.

James S. Purdy, Public Defender, and Jeri
Delgado, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant, Johnny Mack Brown, Jr., appeals the sentence imposed after a jury

found him guilty of one second-degree felony and several misdemeanors. Appellant

argues that the trial court improperly considered a pending charge at sentencing, without

receiving evidence, when the court repeatedly emphasized the charged conduct during the sentencing hearing, indicated that it believed the conduct occurred, and appeared to rely on the conduct, in part, to justify the sentence.

In *Norvil v. State*, the Florida Supreme Court announced that "a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." 191 So. 3d 406, 410 (Fla. 2016). The Court did so based upon its interpretation of the Criminal Punishment Code and section 921.231, Florida Statutes, regarding presentence investigation reports. We are bound by *Norvil*'s interpretation of these statutes absent an amendment by the Legislature.

"If portions of the record reflect that the trial court may have relied upon impermissible considerations in imposing sentence, the State bears the burden to show from the record as a whole that the trial court did not rely on such impermissible considerations." *Nusspickel v. State*, 966 So. 2d 441, 444-45 (Fla. 2d DCA 2007). Given the record here, the State has not carried its burden. Accordingly, we reverse the sentence and remand for re-sentencing before a different judge. *See McGill v. State*, 148 So. 3d 531 (Fla. 5th DCA 2014).

REVERSED and REMANDED.

COHEN, C.J., BERGER and EISNAUGLE, JJ., concur.
BERGER, J., concurs specially, with opinion, in which EISNAUGLE, J., concurs.

I concur in the opinion based solely on the Florida Supreme Court's recent decision in *Norvil v. State*, 191 So. 3d 406, 407 (Fla. 2016). In *Norvil*, the supreme court relied on the Legislature's directive in chapter 921, Florida Statutes, (2010) when it held that a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. *Id.* at 407-09. The court concluded:

> [T]he CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant. The Legislature included prior arrests as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(1)(c), Fla. Stat. (2010). However, if the Legislature had intended to include subsequent arrests and their related charges as permissible sentencing factors, it would have done so. *See Koster v. Sullivan*, 160 So. 3d 385, 390 (Fla. 2015) ("Florida courts are 'without power to construe an unambiguous statute in a way which would extend, modify, or *limit*, its express terms or its *reasonable and obvious implications*. To do so would be an abrogation of legislative power.'") (quoting *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984)).

*Id.* at 409.

In light of this holding, I would urge the Legislature to amend section 921.231(1), to include subsequent arrests and their related charges as permissible sentencing factors. As Justice Canady aptly noted in his well-reasoned dissent:

> [I]t is indeed a remarkable proposition that a defendant who has committed an additional crime while out on bond should not have that subsequent crime held against him when being sentenced for the earlier offense. Due process does not require the adoption of such a nakedly unreasonable proposition. The view is unassailable that such a crime committed by a defendant while out on bond reflects unfavorably on the defendant's character just as much as—if not more than—crimes that were committed previously. The character of the defendant and a concomitant assessment of the likelihood that the defendant will reoffend are unquestionably proper matters for a sentencing judge to

3

consider when imposing sentence within the statutory maximum.

*Norvil*, 191 So. 3d at 411.

EISNAUGLE, J., concurs.