BERGER, J.,
concurring specially, with opinion.
I concur in the opinion based solely on the Florida Supreme Court’s recent decision in Norvil v. State, 191 So.3d 406, 407 (Fla. 2016). In Norvil, the supreme court relied on the Legislature’s directive in chapter 921, Florida Statutes, (2010) when it held that a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense. Id. at 407-09. The court concluded:
[Tjhe CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant. The Legislature included prior arrests as information that is helpful in imposing the appropriate sentence for a defendant. § 921.231(1)(c), Fla. Stat. (2010). However, if the Legislature had intended to include subsequent arrests and their related charges as permissible sentencing factors, it would have done so. See Roster v. Sullivan, 160 So.3d 385, 390 (Fla. 2015) (“Florida courts are ‘without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’”) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984)).
Id. at 409.
In light of this holding, I would urge the Legislature to amend section 921.231(1), to include subsequent arrests and their related charges as permissible sentencing factors. As Justice Canady aptly noted in his well-reasoned dissent:
[I]t is indeed a remarkable proposition that a defendant who has committed an additional crime while out on bond should not have that subsequent crime held against him when being sentenced for the earlier offense. Due process does not require the adoption of such a *949 nakedly unreasonable proposition. The view is unassailable that such a crime committed by a defendant while out on bond reflects unfavorably on the defendant’s character just as much as—if not more than—crimes that were committed previously. The character of the defendant and a concomitant assessment of the likelihood that the defendant will reoffend are unquestionably proper matters for a sentencing judge to consider when imposing sentence within the statutory maximum.
Norvil, 191 So.3d at 411.
EISNAUGLE, J., concurs.