IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHNNY BARNES,

        Appellant,

v.

STATE OF FLORIDA,

        Appellee.

Case No.  5D16-1353

_____/

Opinion filed September 7, 2017

Appeal from the Circuit Court
for Orange County,
Timothy R. Shea, Judge.

James S. Purdy, Public Defender, and
Ailene S. Rogers, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kellie A. Nielan, Assistant
Attorney General, Daytona Beach, for
Appellee.


ORFINGER, J.

      Johnny Barnes, a juvenile at the time of the relevant crimes, appeals his judgments

and sentences for second-degree murder and robbery with a firearm.[1]   We affirm as to

---

[1] The jury made an additional finding that Barnes possessed and discharged a firearm resulting in the victim's death.

all issues, but write to address Barnes's claim that the trial court erred in considering convictions for crimes committed subsequent to the crimes in this case to support its decision to impose a life sentence and to correct a scrivener's error in the amended sentencing documents.

Because Barnes was a juvenile at the time he committed these offenses, the trial court conducted an individualized sentencing hearing pursuant to section 921.1401, Florida Statutes (2016). At the sentencing hearing, the State filed copies of judgments and sentences in three other cases for crimes that Barnes committed after he committed the crimes in this case.[2] The State conceded that the subsequent convictions could not be scored on the Criminal Punishment Code scoresheet, but argued that the court could consider them in determining whether a life sentence was appropriate. The trial court considered the subsequent convictions and sentenced Barnes to life in prison for the second-degree murder and thirty-five years in prison for robbery. The court found that Barnes was entitled to a judicial review on both convictions after twenty-five years and that the twenty-five-year mandatory minimum applied to both convictions.

Prior to filing his initial brief, Barnes filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the trial court erred in relying on his subsequent convictions in support of the life sentence and in determining that he was entitled to a judicial review of his thirty-five-year sentence for the robbery conviction after twenty-five years, instead of twenty years under section

---

[2] These judgments reflect that Barnes was convicted of eight counts of aggravated battery with a firearm, seven counts of aggravated assault with a firearm, and one count each of carrying a concealed firearm, battery on a law enforcement officer, and resisting an officer with violence.

947.1402(2)(d). In a written order, the trial court concluded that it properly considered Barnes's subsequent convictions at the individualized sentencing hearing under the juvenile sentencing statutes, but agreed that Barnes was entitled to a review of the thirty-five-year sentence after twenty years.[3]

Barnes is correct that, under the Criminal Punishment Code, a trial court may not consider a subsequent arrest *without* conviction during sentencing for the primary offense. Norvil v. State, 191 So. 3d 406, 410 (Fla. 2016). But Barnes's reliance on Norvil is misplaced. Barnes is a juvenile offender and subject to the new statutes enacted for sentencing juveniles convicted as adults. These statutes allow the trial court to consider the juvenile offender's "youth and its attendant characteristics," including the juvenile's immaturity, lack of judgment, and possibility of rehabilitation in determining whether to impose a life sentence. § 921.1401(2), Fla. Stat. (2014). At a minimum, Barnes's subsequent criminal behavior *with* convictions is relevant to the possibility of his rehabilitation. Id. § 921.1401(2)(j). His subsequent criminal behavior is equally relevant to help the trial court determine his "immaturity, impetuosity, or failure to appreciate risks and consequences" in participating in the offense and "[t]he effect, if any, of characteristics attributable to the defendant's youth on the defendant's judgment." Id. § 921.1401(2)(e), (i). Simply put, his subsequent arrests *with* convictions may help the sentencing court determine whether Barnes was a juvenile offender whose crimes reflect "transient immaturity," thereby warranting a lesser sentence, or that "rare" juvenile offender whose crimes reflect "irreparable corruption," thereby warranting a life sentence.

---

[3] The State did not appeal this ruling.

See Horsley v. State, 160 So. 3d 393, 397 (Fla. 2015) (citing Miller v. Alabama, 567 U.S. 460, 479-80 (2012)).

However, we agree, and the State concedes, that the amended sentencing documents contain a scrivener's error as to the judicial review period for count two, which should be corrected to conform to the trial court's written order granting Barnes's rule 3.800(b)(2) motion. We remand the case to the trial court to correct the scrivener's error on the amended sentencing documents dated January 26, 2017. See Taylor v. State, 120 So. 3d 213, 213 (Fla. 5th DCA 2013). Barnes need not be present for entry of the corrected sentence.

AFFIRMED and REMANDED with instructions.

COHEN, C.J. and BERGER, J., concur.