DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND HILLARY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2991

[December 13, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562015CF001673A.

Antony P. Ryan, Regional Counsel, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

DAMOORGIAN, J.

Appellant, Raymond Hillary, appeals his sentence for one count of possession of cocaine and one count of driving without a license.[1] Because the record conclusively establishes that the trial court considered a subsequent arrest without conviction when sentencing Appellant, we are required to reverse pursuant to *Norvil v. State,* 191 So. 3d 406, 407 (Fla. 2016).

After being arrested and charged with one count of possession of cocaine and one count of driving without a license in the underlying case,

---

[1] In addition to appealing the legality of his sentence, Appellant also appeals the court's denial of his motion to withdraw his underlying plea. However, in his Initial Brief, Appellant represented that he wished to abandon his arguments concerning the court's ruling on his motion to withdraw plea in the event that we determine he is entitled to resentencing. Because we hold that Appellant must be resentenced, we will not address his withdrawal of plea issue.

Appellant entered a plea of not guilty and was released on bond. While out on bond, Appellant was arrested and charged with another offense in an unrelated case. Shortly thereafter, Appellant changed his plea in the underlying case to no contest.

At Appellant's change of plea hearing, the State announced that it was not seeking a Habitual Felony Offender ("HFO") sentence although Appellant was HFO eligible. Based on the State's representation, the court did not confirm that Appellant was aware of the possibility and reasonable consequences of habitualization during its plea colloquy with Appellant. Following the colloquy, the court accepted Appellant's plea and proceeded to sentencing. Although Appellant only scored 37.4 months on his scoresheet, based in large part on the pending charge Appellant accrued while out on bond in the underlying case, the court sentenced Appellant to concurrent sentences of five years in prison on the possession charge and two years in prison followed by two years of probation on the driving without a license charge.

In *Norvil*, which was issued after Appellant was sentenced, the Florida Supreme Court held that a defendant's subsequent arrest without conviction is an improper factor for the trial court's consideration when sentencing the defendant for the primary offense. 191 So. 3d at 410. In this case, by its own admission, the court considered Appellant's subsequent arrest without conviction when sentencing Appellant for the primary offenses. Accordingly, based on *Norvil*, there is no question that Appellant's sentence was based on the court's consideration of an improper factor. *Id.*

Although it is evident the court considered an improper factor when sentencing Appellant, the State argues that Appellant is precluded from seeking appellate relief because he failed to object to the court's consideration of his subsequent arrest at sentencing or secure a ruling on the issue via a Florida Rule of Criminal Procedure Rule 3.800(b) motion. The State is incorrect. "[A] trial court's consideration of a constitutionally impermissible sentencing factor is a fundamental error in the sentencing process" which is reviewable for the first time on direct appeal. *Fernandez v. State*, 212 So. 3d 494, 496 (Fla. 2d DCA 2017); *see also Jackson v. State*, 983 So. 2d 562, 574 (Fla. 2008) (clarifying that an appellate court may not review a "sentencing error," even if fundamental, for the first time on appeal but may review an error in the "sentencing process" for fundamental error on appeal). *Norvil* establishes that "consideration of subsequent charges with which the defendant has not been convicted violates due process" and, therefore, creates a fundamental error in the sentencing process. *Fernandez*, 212 So. 3d at 496 (citing *Norvil*, 191 So.

2

3d at 410) (reversing and remanding for resentencing based on the trial court's improper consideration of subsequent arrest without conviction during sentencing despite the fact that the defendant did not raise the issue below). Accordingly, because Appellant has identified a fundamental error in the sentencing process via the court's consideration of a constitutionally impermissible sentencing factor, this Court may grant Appellant the requested relief regardless of the fact that Appellant failed to object below or secure a Rule 3.800(b) ruling.

Based on the foregoing, we reverse and remand for resentencing before a different judge. *Id.* at 497. Additionally, we note that upon resentencing, Appellant may not be resentenced as an HFO since the court did not mention the possibility of an HFO sentence or its implications during Appellant's plea colloquy. *Ashley v. State*, 614 So. 2d 486, 490 (Fla. 1993) ("[I]n order for a defendant to be habitualized following a guilty or nolo plea, the following must take place prior to acceptance of the plea: 1) The defendant must be given written notice of intent to habitualize, and 2) the court must confirm that the defendant is personally aware of the possibility and reasonable consequences of habitualization." (footnote omitted)).

*Reversed and remanded.*

WARNER and TAYLOR, JJ., concur.

*      *      *

***Not final until disposition of timely filed motion for rehearing.***