DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NORRIS SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-0518

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case No. 14006323CF10A.

Carey Haughwout, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant, initially charged with two counts of robbery with a weapon or firearm, successfully moved to sever the counts and proceeded to a jury trial on one of the two counts,[1] where the jury found him guilty.

At sentencing, defense counsel took issue with the presentence investigation report, where the probation officer cited to "a pending open case"—one different than the charges in this case—of which the Defendant had not yet been tried or convicted. The assistant state attorney prosecuting this third charge appeared at sentencing and provided the court with general information about the charge. The court proceeded to ask questions regarding the specific facts at issue in this other charge, such as whether the charges were similar to the crime for which the Defendant had been convicted.

While orally sentencing the Defendant, the court discussed this third

---

[1] In a separate proceeding, a jury found the Defendant guilty as charged in Count II.

charge, stating: "On the eve of the verdict of guilty in [Count I], [the Defendant] was charged in a third count or a third charge at the same location with the same information of sexual battery—armed sexual battery, correct? . . . . And robbery with a firearm." The court proceeded to sentence the Defendant to thirty years' imprisonment.

On appeal, the Defendant raises multiple issues as to both his conviction and his sentence. We find merit only in his argument that the trial court erred by considering a crime he had neither been tried for nor convicted of at the time of sentencing. Therefore, we affirm his conviction, but vacate his sentence and remand for resentencing.

We review the court's sentence *de novo*. *Norvil v. State*, 191 So. 3d 406, 408 (Fla. 2016). In *Norvil*, the State recommended the court consider a new charge pending against the defendant. *Id*. at 407. The court inquired about the pending charge and "declined to sentence the defendant as a youthful offender, and instead sentenced him to twelve years in prison." *Id*. at 408. We affirmed the court's consideration of the new charge, but the Florida Supreme Court quashed our decision, holding that "the arrests and convictions considered by a trial judge in sentencing occur 'prior to the time of the primary offense,' and not subsequent to the primary offense." *Id*. at 409 (quoting § 921.0021(5), Fla. Stat. (2010)). The supreme court then "adopt[ed] the following bright line rule for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." *Id*. at 410.

In *Norvil*, the supreme court stated that "the State failed to show that the trial court did not rely on the pending charge resulting from the subsequent arrest for burglary of a dwelling." *Id*. at 409. Here, it is not clear that the court actually considered the new crime when sentencing the Defendant. However, in light of the court's comments regarding the new crime as it handed down the sentence, the State failed to satisfy the burden imposed by *Norvil*, as it did not show that the court did not rely on the new crime when it sentenced the Defendant.

In light of *Norvil*, we have since vacated a defendant's sentence and remanded for resentencing when a court considered subsequent crimes, even though the sentence was within the statutory limits. *Johnson v. State*, 204 So. 3d 521, 522 (Fla. 4th DCA 2016). We must do the same here.

We affirm the Defendant's conviction. However, due to the court's apparent consideration at sentencing of a subsequent crime for which the Defendant had neither been tried nor convicted, we vacate the Defendant's

sentence and remand for resentencing.

*Conviction affirmed, sentence vacated, and remanded for resentencing.*

L EVINE and F ORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***