CASANUEVA, Judge. N.D.W. appeals the juvenile disposition order adjudicating him delinquent’for two counts of fleeing and eluding a law enforcement officer and one count of grand theft of a motor vehicle, for which the trial court ordered that the thirteeii-year-old be committed to the Department of Juvenile Justice (DJJ) for placement in a nonsecure residential program. We affirm the adjudication of delinquency without discussion. However, we agree that the trial court considered impermissible factors at sentencing; thus, we reverse the disposition order and remand for a new disposition hearing. N.D.W. argues that the trial court erred in considering at sentencing crimes that N.D.W. purportedly committed after these offenses' and for which he had not yet been charged or convicted. As a general rule, a sentence within the statutory limits is not subject to appellate review. Charles v. State, 204 So.3d 63, 66 (Fla. 4th DCA 2016). “However, when a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant’s, due process rights.” Id. In Norvil v. State, 191 So.3d 406, 410 (Fla. 2016), the supreme court announced the following bright-line rule; “a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense.” See also Fernandez v. State, 212 So.3d 494, 496 (Fla. 2d DCA 2017). “[Consideration of subsequent charges with which the defendant has not been convicted violates due process .,. Id.; see also A.R.M. v. State, 198 So.3d 1132, 1133 (Fla. 4th DCA 2016) .(noting that juvenile defendant’s due process rights were violated, pursuant to Norvil, when “the court took into account appellant’s arrests without conviction that occurred after the crimes in this ease”). The burden is on'the State to show that the trial court did not rely on the improper factor in imposing the 'sentence where it appears that the trial court may have done so. Fernandez, 212 So.3d at 497; see also Norvil, 191 So.3d at 409. In this case, the State recommended commitment to a nonsecure residential facility, while N.D.W. sought to be allowed to remain in the community. The State presented argument regarding NJD.W.’s prior record, which included eight felonies, and informed the trial court of additional charges “waiting in- the wings.” Defense counsel objected, stating “those charges he has not been found guilty on and I don’t believe they’ve been filed on yet.” The trial court overruled the objection, and the State then reiterated that N.D.W. had a number of pending burglary charges. The trial court found no reason to depart from the State’s recommendation, adjudicated N.D.W. delinquent, and committed him to the custody of DJJ for completion of a nonsecure residential program. Based on the transcript in this case, we cannot say that the trial court did not consider N.D.W.’s subsequent arrests in sentencing him. The court overruled defense counsel’s objection and suggested that it would take the information. into consideration, and the State has presented no argument that the trial court did not consider this-information. . , Because the trial court appears to have considered subsequent arrests in imposing the sentence against N.D.W., and the State has failed to meet its burden to show otherwise, we reverse the disposition order and remand for a new disposition hearing before a different judge. See Fernandez, 212 So.3d at 497. ■ Affirmed in part; reversed in part; remanded with directions. YILLANTI and SALARIO, JJ., Concur.