DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TONY GARCIA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3751

[ August 7, 2019 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 14CF012520AMB.

Carey Haughwout, Public Defender, and Jessica A. De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant, Tony Garcia, appeals his conviction and sentence for first-degree arson of a dwelling. We affirm appellant's conviction without further comment, but we reverse for resentencing. Although we disagree with appellant's argument that the trial court imposed a vindictive sentence after participating in plea discussions, we conclude that appellant's due process rights were violated because his sentence may have been based, at least in part, on an impermissible sentencing factor.

Appellant's first trial on the arson charge resulted in a hung jury. Subsequently, at a bond revocation hearing, the State presented evidence that appellant had threatened a prosecution witness after the first trial.

Appellant's second trial resulted in a guilty verdict. At sentencing, appellant moved for a downward departure sentence. The State filed a sentencing memorandum requesting that the trial court impose a sentence of seven years in prison. In support of its recommendation, the State cited the facts of the underlying crime as well as appellant's post-arrest conduct,

including threatening State witnesses. Attached to the State's sentencing memorandum was a CD containing recorded jail calls in which appellant stated that he wished to harm a different State witness.

At the sentencing hearing, the prosecution relied upon its written sentencing recommendation, argued that a downward departure was not warranted, asserted that appellant's offense "risked the lives of firefighters and his neighbors," and emphasized appellant's conduct of threatening the State's witnesses after his arrest.[1]

The trial court denied appellant's motion for downward departure and sentenced appellant to seven years in prison, stating:

> Now, based on all the evidence, the severity of the crime, the issues that were testified to, this is [a] very, very sad situation all around, it really is. But even if I could depart, I do not believe I should depart and therefore, I'm sentencing Mr. Garcia to the 84 months that the state is requesting.

Regarding his sentence, appellant mainly argues on appeal that the trial court imposed a vindictive sentence, but he also argues that his sentence was influenced by impermissible sentencing factors. Without further comment, we reject appellant's argument that the trial court imposed a vindictive sentence. We agree, however, with appellant's argument that the trial court may have considered an impermissible factor in sentencing him.

A trial court's consideration of an impermissible sentencing factor constitutes fundamental error in the sentencing process, which may be raised for the first time on direct appeal. *Hillary v. State*, 232 So. 3d 3, 4 (Fla. 4th DCA 2017). "Whether a trial court violates a defendant's due process rights by considering impermissible factors in sentencing is a question of law subject to de novo review." *Baehren v. State*, 234 So. 3d 799, 801 (Fla. 4th DCA 2018).

In *Norvil v. State*, 191 So. 3d 406, 407 (Fla. 2016), the Florida Supreme Court held that "a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." The Florida Supreme Court looked to the Criminal Punishment Code ("CPC"), including the statute governing PSI reports, in determining the factors that constitute appropriate sentencing considerations. *Id.* at 409. The court

---

[1] There is no indication in the record that appellant was ever arrested for or charged with his threats to harm State witnesses.

reasoned that "[t]he CPC is unambiguous concerning the factors a trial court may consider in sentencing a defendant" and that the legislature did not include subsequent arrests as a factor in the CPC. *Id.* In short, under the reasoning of *Norvil*, the only permissible sentencing factors are those enumerated in the CPC.

Courts applying *Norvil* have held that a trial court may not consider subsequent, uncharged misconduct when sentencing a defendant for the primary offense. *See, e.g.*, *Schwartzberg v. State*, 215 So. 3d 611, 616 (Fla. 4th DCA 2017) ("Finally, appellant argues the lower court erred when it considered subsequent, uncharged misconduct when sentencing him. The state concedes error, citing *Norvil v. State*, 191 So. 3d 406 (Fla. 2016). We accept the state's concession of error."); *Love v. State*, 235 So. 3d 1037, 1039 (Fla. 2d DCA 2018) ("Even though there is no indication that Love was arrested for or charged with the incidents at the jail, the reasoning in *Norvil* applies here. Indeed, prior to *Norvil*, our court held that incidents of misconduct occurring after the charged offense, some of which did not result in charges or arrests, were impermissible sentencing factors.").

Here, appellant's due process rights were violated because the State urged the trial court to consider an impermissible sentencing factor— namely, incidents of misconduct occurring after the charged offense—and his sentence may have been based, at least in part, on that impermissible factor. While the trial court made no comment indicating that it had considered appellant's subsequent misconduct in imposing sentence, the prosecutor's recommendation at the sentencing hearing relied heavily upon the evidence of appellant's post-arrest misconduct.

"It is the State's burden to show that the trial court did not rely on impermissible factors in sentencing." *Strong v. State*, 254 So. 3d 428, 432 (Fla. 4th DCA 2018).

The State has not met that burden in this case. The trial court simply stated that its sentence was based upon "all the evidence, the severity of the crime, [and] the issues that were testified to . . . ." The trial court specifically stated that the sentence was based on "all the evidence," and nothing in the court's statement indicated that the court did not consider the evidence of appellant's post-arrest misconduct. Furthermore, the trial court imposed the exact sentence requested by the prosecutor. Thus, the record may reasonably be read to suggest that the sentence was based, at least in part, on an impermissible factor argued by the State.

In sum, although the trial court did not impose a vindictive sentence, the State has failed to meet its burden to show that the trial court did not

impermissibly rely upon appellant's post-arrest misconduct in sentencing him.  We affirm appellant's conviction but reverse his sentence and remand for resentencing before a different judge.

*Affirmed in part, Reversed in part, and Remanded.*

GROSS and CIKLIN, JJ., concur.

*         *         *

**Not final until disposition of timely filed motion for rehearing.**