NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JEFFREY V. MOSLEY,  )
         )
   Appellant,  )
         )
v.        ) Case No. 2D14-2910
         )
STATE OF FLORIDA,  )
         )
   Appellee.   )
_____)

Opinion filed November 6, 2015.

Appeal from the Circuit Court for Polk
County; Glenn T. Shelby, Judge.

Howard L. Dimmig, II, Public Defender, and
Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.


LUCAS, Judge.

   Jeffrey Mosley appeals his judgment and sentences for one count of

possession of cannabis with intent to sell/manufacture/deliver within 1000 feet of a public

housing project, four counts of felony drug possession, one count of misdemeanor

cannabis possession, and one count of possession of drug paraphernalia. After the jury

found him guilty, the circuit court convened a sentencing hearing and sentenced Mr. Mosley to seven years in state prison. We affirm his convictions in all respects but agree with Mr. Mosley that the circuit court considered impermissible facts in deciding his sentence. Accordingly, we reverse Mr. Mosley's sentences and remand for the circuit court to resentence him in accordance with this opinion.

At the sentencing hearing, Mr. Mosley requested a probationary sentence, while the State asked the court to impose no less than a ten-year prison sentence. Mr. Mosley's Criminal Punishment Code scoresheet computation indicated a lowest permissible sentence of "any nonstate prison sanction."

In support of its request, the State called a single witness, a detective who was apparently quite familiar with Mr. Mosley. The detective discussed numerous events and allegations concerning Mr. Mosley, most of which went beyond the crimes before the sentencing court or those that were reflected in Mr. Mosley's scoresheet. For example, the detective discussed the subsequent execution of search warrants at Mr. Mosley's house; the recovery of narcotics and weapons at Mr. Mosley's residence, presumably in connection with those warrants; undercover drug sales with other individuals living in Mr. Mosley's home; the subsequent arrest of Mr. Mosley relating to another sale of narcotics while Mr. Mosley was on house arrest for the charges in the current criminal case; a recent "stabbing in front of [Mr. Mosley's] house" in which "the victim had narcotics in his pockets"; that Mr. Mosley was "the primary aggressor in a fight in the jail" and may have broken another inmate's jaw; and Mr. Mosley's alleged connection to a home invasion robbery in which one of the victims had died. The

detective summarized his impression of Mr. Mosley, calling him a "nuisance," and asked the circuit court to impose a ten-year prison sentence "on behalf of law enforcement."

Mr. Mosley's attorney repeatedly raised objections during the detective's testimony, only some of which were sustained. During argument, counsel for Mr. Mosley asked the court to focus only on the crimes before the court for sentencing and to disregard the allegations of uncharged crimes, pending charges for alleged crimes, or any other unsubstantiated misconduct. In imposing its sentence, the trial court remarked that it was "primarily looking at the case that we're here on," while stating that it may have entertained "some consideration of other factors."

We review whether the circuit court considered inappropriate sentencing factors under a de novo standard of review. Cromartie v. State, 70 So. 3d 559, 563 (Fla. 2011); Imbert v. State, 154 So. 3d 1174, 1175 (Fla. 4th DCA 2015). The State bears the burden to show from the record as a whole that the trial court did not consider impermissible factors in rendering its sentence. Nusspickel v. State, 966 So. 2d 441, 444-45 (Fla. 2d DCA 2007). We must examine the record to determine whether it "may reasonably be read to suggest" that a defendant's sentence was the result, at least in part, of the consideration of impermissible factors. See Moorer v. State, 926 So. 2d 475, 477 (Fla. 1st DCA 2006).

"[U]nsubstantiated allegations of misconduct or speculation that the defendant probably committed other crimes may not be relied upon by a trial court in imposing sentence." Nusspickel, 966 So. 2d at 445; see also Hernandez v. State, 145 So. 3d 902, 905 (Fla. 2d DCA 2014) (reversing sentence where detective testified at sentencing hearing that defendant was "going to be charged" with multiple counts of

burglary and dealing in stolen property); Reese v. State, 639 So. 2d 1067, 1068 (Fla. 4th DCA 1994) ("We hold that unsubstantiated allegations of misconduct may not be considered by a trial judge at a criminal sentencing hearing and to do so violates fundamental due process.").

Although the court below did sustain certain objections during Mr. Mosley's sentencing hearing, the sentence and record before us reflect that the court did not completely foreclose its consideration of the purported drug transactions occurring around Mr. Mosley's house, his fight while in jail, or his alleged involvement in a home invasion. At the time of the sentencing hearing, Mr. Mosley had not been charged for any of these incidents, nor was any connection ever drawn between any of these acts and the criminal conviction before the court. Cf. Whitehead v. State, 21 So. 3d 157, 160 (Fla. 4th DCA 2009) (in sentencing defendant on convictions of possession of cannabis, contributing to the delinquency or dependency of a child, and delivery of a controlled substance to a minor, sentencing court could consider pending charge of unlawful sex act with a minor because the pending charge also "involved the defendant's conduct toward minors"). While Mr. Mosley's alleged misconduct may be extensive and may well have earned him a reputation as "a nuisance," the circuit court should not have allowed those allegations to intrude into the sentencing hearing. Mr. Mosley's sentence must, therefore, be vacated. See Reese, 639 So. 2d at 1068. Accordingly, we affirm in part, reverse in part, and remand for resentencing before a different judge.

Affirmed in part, reversed in part, and remanded for resentencing.


KELLY and SLEET, JJ., Concur.


- 4 -