NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| CALEB ANDREW FERNANDEZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-5886 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed March 1, 2017.

Appeal from the Circuit Court for Collier
County; Lauren L. Brodie, Judge.

Howard L. Dimmig, II, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.


SALARIO, Judge.

Caleb Fernandez was convicted of possession of cocaine, received a

forty-month prison sentence, and appeals both his conviction and sentence. We affirm

his conviction without comment. Based on the supreme court's decision last year in

Norvil v. State, 191 So. 3d 406, 407 (Fla. 2016), we are required to reverse his

sentence because the trial court improperly considered Mr. Fernandez's arrest for an alleged offense committed while he was on pretrial release on the possession charge.

The facts underlying Mr. Fernandez's arrest and conviction in this case do not matter with respect to the issue on which we write. What does matter is that according to his scoresheet, Mr. Fernandez faced a sentence ranging from a non-state prison sanction up to a maximum of five years in prison. Although the forty-month sentence he got is in that range, he argues that the trial court improperly relied on his arrest on an unrelated charge for being a felon in possession of a firearm while on pretrial release for this case. He had not been convicted of that alleged new offense at the time of the sentencing. The trial judge stated that she was imposing a forty-month sentence "[b]ased on all the evidence that was recently presented to me, based on the history, . . . based on your age, based on the fact that you re-offended—but the possession of a firearm by a convicted felon was subsequent to his release." (Emphasis added.) In light of the supreme court's decision in Norvil, we must agree with Mr. Fernandez that he is entitled to resentencing.

In Norvil, the State argued at sentencing that the trial court should consider a new charge of which the defendant had not then been convicted. The trial court did so, and the Fourth District affirmed, Norvil v. State, 162 So. 3d 3 (Fla. 4th DCA 2014), reasoning that, among other things, the new charge was both relevant and supported by the evidence. The supreme court took the case on conflict grounds and quashed the Fourth District's decision. 191 So. 3d at 410. It adopted a "bright line rule for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense." Id. at 410.

- 2 -

Under Norvil, the trial court was not permitted to consider Mr. Fernandez's felon in possession arrest in imposing sentence on the possession of cocaine charge in this case. Mr. Fernandez did not, however, object to the court's consideration of that arrest at sentencing or raise the issue in a motion under Florida Rule of Criminal Procedure 3.800(b). Thus, we may reach the sentencing issue he now presents on appeal only if it results from a fundamental error in the sentencing process. See Jackson v. State, 983 So. 2d 562, 578 (Fla. 2008); see also Hayes v. State, 150 So. 3d 249, 251 (Fla. 1st DCA 2014).

Mr. Fernandez correctly argues that a trial court's consideration of a constitutionally impermissible sentencing factor is a fundamental error in the sentencing process. Yisrael v. State, 65 So. 3d 1177, 1177 (Fla. 1st DCA 2011); see also Williams v. State, 164 So. 3d 739, 740 (Fla. 2d DCA 2015) (finding "fundamental error and a denial of due process" in the consideration of certain sentencing factors). The question then becomes whether the sentencing error Norvil identifies is such an error. The Norvil opinion states that the legal issue the case presented was whether a defendant's due process rights are violated when a trial court considers a subsequent charge at sentencing—an issue of constitutional dimension. 191 So. 3d at 407. The opinion's legal analysis, however, focused on the text of the Criminal Punishment Code—which the court held forbade consideration of subsequent charges with which a defendant had not been convicted—a statutory matter that would not necessarily present a constitutional problem. See id. at 408-09. Reading Norvil as a whole, we conclude that it stands for the proposition that consideration of subsequent charges with which the defendant has not been convicted violates due process for three reasons: (1) that is the

import of the language the court used, see id. at 410 (stating that a bright-line prohibition on any consideration of subsequent charges "preserves a defendant's due process rights"), (2) that is the way the opinion frames the legal issue it addresses, and (3) that was the holding of Yisrael, 65 So. 3d at 1178, one of the conflict cases that Norvil approved. As a result, we may reach Mr. Fernandez's argument here. See Jackson, 983 So. 2d at 578; Hayes, 150 So. 3d at 251.

The State asserts that the trial court did not actually rely on the pending felon in possession charge in imposing the sentence. Given what the trial court stated on the record, that characterization seems difficult to support. In any event, it is of no legal moment whether the record shows beyond any doubt that the trial court considered the new charge in imposing sentence. The State has the burden "to show that the trial court did not rely on the pending charge resulting from the subsequent arrest." Norvil, 191 So. 3d at 409; see also Gray v. State, 964 So. 2d 884, 885 (Fla. 2d DCA 2007) (reversing where the State failed to carry "its burden to show that the trial court did not consider the pending charge"). The record in this case—involving the trial court's explicit statement that the sentence was, at least in part, "based on" the subsequent charge and no other statements or evidence to the contrary—does not allow the State to carry that burden.

Mr. Fernandez requests that we remand for resentencing before a different judge. We agree, of course, that where a trial court considers an impermissible factor in imposing sentence, remand for resentencing is the correct remedy. See, e.g., Brown v. State, 27 So. 3d 181, 183 (Fla. 2d DCA 2010); Gray, 964 So. 2d at 885. Because the opinions related to improper sentencing considerations overwhelmingly

- 4 -

direct resentencing before a different judge and the State has not disputed that component of Mr. Fernandez's request, we direct that resentencing take place before a different judge.[1]  See, e.g., Williams, 164 So. 3d at 741; Brown, 27 So. 3d at 183; Bracero v. State, 10 So. 3d 664, 666 (Fla. 2d DCA 2009).

Affirmed in part; reversed in part; remanded for resentencing.

KHOUZAM and LUCAS, JJ., Concur.

---

[1]There may be reason to question whether the assignment of a new judge in this case serves a purpose.  As the decisions cited in the text demonstrate, the cases directing this remedy offer little in the way of legal reasons for why it would be necessary in every case.  Unlike cases involving, for example, a trial judge's expression of negative views of the class of offenders to which a defendant belongs, e.g., Goldstein v. State, 154 So. 3d 469 (Fla. 2d DCA 2015), or a trial judge's punishment of a defendant for maintaining his innocence and failing to show remorse, e.g., Williams, 164 So. 3d 739, it is not obvious that a trial judge's consideration of a subsequent criminal charge—without more—should cause us to presume that the same judge would be unable to resentence the defendant fairly.  Nor does this record reflect other comments by the trial judge that would cause us to have this concern.  Because reassignment is not contested here, however, we have no reason to consider these issues further.