MORRIS, Judge. Victor Love challenges his concurrent sentences of twelve years in prison imposed after a jury convicted him of carjacking and robbery. Love argues that his due process rights were violated because the State presented evidence of impermissible sentencing factors and his sentence may have been based, at least in part, on those impermissible factors." We agree and reverse for resentencing. At the sentencing hearing, the defense noted that the State would be “bringing a number of witnesses” to show that Love “runs with people that are allegedly members of gangs.” Defense counsel objected on the basis that “it wasn’t proven at trial.” The defense then argued for a sentence close to the bottom of the guidelines. Love’s lowest permissible sentence was 39.75 months—3.31 years—in prison. The trial court then heard from Love’s father and mother. The State argued for a sentence ,of fifteen years in prison and then introduced the testimony of several detention deputies from the jail. The first deputy testified that Love was involved in a physical altercation with other, inmates at the jail. A second deputy testified that he found papers in Love’s cell indicating that he was “affiliated with the Latin Kings, which is a known gang in the jail.” A third deputy testified that Love was involved in a battery at the jail, and defense counsel object-, ed “to this as being part of the basis for sentencing” because there had not “been any Williams Rule notice” and this was. an “unrelated crime.” The trial court overruled the objection. A fourth deputy testified that on one occasion, Love and other inmates refused to comply with the deputy’s order for the inmates to return to their cells. They only returned to their cells after the deputy “sprayed them,” and the inmates were “all gang members.” The State called a fifth law enforcement officer to testify regarding a report she had prepared about Love, his qualifications as a gang member, and his recent associates. Defense counsel objected on the basis of hearsay, and the trial court sustained the objection. The State also read a written statement from the victim in which she described the negative impact the offenses had on her life and she asked the trial court “to-impose the maximum sentences as requested by the prosecutors.” The trial court adjudicated Love guilty. Looking at the scoresheet, the trial court stated it would not consider a pending charge of grand theft of a motor vehicle “because it’s not resolved.” The trial court then imposed the concurrent twelve-year sentences without any further comment. On appeal, Love argues that the State presented evidence intended to prove that Love committed new' crimes and other misconduct while in jail awaiting trial on these charges and that it is reasonable to conclude that Love’s sentences resulted in part from the trial court’s consideration of these factors. In Norvil v. State, 191 So.3d 406, 410 (Fla. 2016), the supreme court established a “bright line rale for sentencing purposes: a trial court may not consider a subsequent arrest without conviction during sentencing for the primary offense.” This court held that the type of error addressed in Norvil is fundamental error that may be considered - on appeal despite a lack of objection below. Fernandez v. State, 212 So.3d 494, 496 (Fla. 2d DCA 2017). In Fernandez, this court reversed for resen-tencing because “[t]he State has the burden ‘to show that the trial court did not rely on-the pending charge resulting from the subsequent arrest,’ ” id. at 497 (quoting Norvil, 191 So.3d at 409), and the trial court had explicitly stated that the sentence was at least in part based on a new offense, id. Here, defense counsel objected to the State’s presenting evidence “about Mr. Love’s associations, that he runs with people that are allegedly members of gangs” on the basis that it was not proven at trial and again when the State offered evidence of an “unrelated crime.” To the extent that these objections were insufficient to preserve the issue for appeal, Fernandez establishes that an objection was not necessary. Even though there is no indication that Love was arrested for or charged with the incidents at the jail, the reasoning in Norvil applies here. Indeed, prior to Norvil, this court held that incidents of misconduct occurring after the charged offense, some of which did not result in charges or arrests, were impermissible sentencing factors. Mosley v. State, 198 So.3d 58, 59-60 (Fla. 2d DCA 2015). This case turns on the question of how the State meets its burden of “showing] that the' trial court did not rely on the” evidence of Love’s misconduct at the jail. Fernandez, 212 So.3d at 497 (quoting Norvil, 191 So.3d at 409). In Fernandez, the State did not meet its burden where the trial court had explicitly referred to the new offense before imposing sentence. Id. at 496. In Norvil, the State did not meet its burden because “the trial court emphasized and relied upon the subsequént arrest and its related charge ... in sentencing Norvil on the primary offense.” 191 So.3d at 409. In Mosley, this court explained that ' [t]he.State bears the burden to show from the record as a whole that the trial court did not consider impermissible factors in rendering its sentence. Nusspickel v. State, 966 So.2d 441, 444-45 (Fla. 2d DCA 2007). We must examine the record to determine whether it “may reasonably be read to suggest” that a defendant’s sentence, was the result, at least in part, of the consideration of impermissible factors. See Moorer v. State, 926 So.2d 475, 477 (Fla. 1st DCA 2006). 198 So.3d at 60 (holding that “the sentence, and record before us reflect that the court did not completely foreclose its consideration of the [subsequent misconduct]” where trial court remarked that it was primarily looking at the charged offense but that it may have also considered other factors); see also Mirutil v. State, 30 So.3d 588, 590-91 (Fla. 3d DCA 2010) (reversing for resentencing where “testimony regarding the new offenses was the central feature of the sentencing hearing” and the trial court commented that the State had shown probable cause for the new offenses). Here, the trial court made no comment indicating that it had considered Love’s subsequent misconduct in imposing his sentences.' However, the trial court did hear from several witnesses concerning Love’s misconduct at the jail. This case is similar to Gray v. State, 964 So.2d 884 (Fla. 2d DCA 2007), which was approved by the supreme court in Norvil, 191 So.3d at 407, 410. In Gray, defense counsel objected to the trial court’s consideration of new charges but argued that if they were to be considered, the trial court should consider exhibits rather than testimony from the officers involved. 964 So.2d at 885. “The trial court agreed to review the State’s exhibits, which consisted of numerous photographs relating to the new charges.” Id. This court reversed for re-sentencing because “the State’s presentation and argument before the trial judge centered on the new charges.” Id When the trial court imposed sentence here, the trial court did not specifically mention- the incidents of misconduct that occurred after the charged offense. However, the trial court did not announce any factors that it had considered. In looking at the record as a whole, we cannot conclude that the trial court did not consider the incidents of misconduct when imposing sentence. See id. The testimony of the detention deputies took up the majority of the sentencing hearing, and the trial court specifically stated that it would not consider the hearsay report or the pending grand theft charge, suggesting that it would consider the other evidence offered by the State. Love scored 3.31 years in prison, but the trial court sentenced him to twelve years. The record may reasonably be read to suggest that the sentence was based, at least in part, on the impermissible factors argued by the State.[1] Accordingly, we reverse Love’s sentences and remand for resentencing before a different judge. See Fernandez, 212 So.3d at 497; Gray, 964 So.2d at 885. LaROSE, C.J., and SILBERMAN, J., Concur. . We note that the trial court would have been permitted to consider evidence that Love is- associated with a gang engaged in criminal activity. See § 921.231(g), (j), Fla. Stat. (2015); Crouse v. State, 101 So.3d 901, 903 (Fla. 4th DCA 2012). Two of the detention deputies offered general testimony that Love is associated with a gang in jail, but Love does not challenge the testimony as inadmissible evidence of gang association. Nonetheless, the State presented testimony from two other deputies that Love had engaged in a fight and had committed a battery while in jail, and we cannot say that the trial court did not considér these factors in imposing sentence.