# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-5042

_____

ANDREW BARLOW,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jennie M. Kinsey, Judge.

February 20, 2018

PER CURIAM.

After Andrew Barlow pleaded no contest to ten counts of possessing child pornography, the court sentenced him to fifteen years' imprisonment and thirty years' sex-offender probation. On appeal, Barlow contends the trial court committed fundamental error in imposing this sentence.

There is no dispute as to whether the sentence was within statutory limits. Indeed, convicted of ten second-degree felonies, each with a fifteen-year maximum, *see* § 775.082(3)(d), Fla. Stat. (2015), Barlow faced a maximum total sentence of one hundred fifty years' imprisonment. But although a sentence within statutory limits "is generally unassailable on appeal," there is an exception when a trial court bases its sentence on impermissible

factors, like unsubstantiated allegations of other crimes. *Martinez v. State*, 123 So. 3d 701, 703 (Fla. 1st DCA 2013); *accord Yisrael v. State*, 65 So. 3d 1177, 1177 (Fla. 1st DCA 2011) ("Fundamental error occurs where a trial court considers constitutionally impermissible factors when imposing a sentence."), *approved sub nom. Norvil v. State*, 191 So. 3d 406 (Fla. 2016).

Barlow contends this exception applies here. He argues that the trial court relied on unrelated, uncharged, and unsubstantiated claims in determining his sentence. At the sentencing hearing, a law-enforcement agent testified that Barlow indicated during an electronic chat that he would like to have sex with a fourteen-year-old boy. Barlow was not charged with that conduct; his charges related only to possessing child pornography—not directly interacting with children. Nevertheless, there is no indication that the trial court based its sentence on this uncharged conduct, so the exception provides no basis to reverse. *See Harvard v. State*, 414 So. 2d 1032, 1034 (Fla. 1982) ("[T]rial judges are routinely made aware of information which may not be properly considered in determining a cause. Our judicial system is dependent upon the ability of trial judges to disregard improper information and to adhere to the requirements of the law in deciding a case or in imposing a sentence."); *Williams v. State*, 193 So. 3d 1017, 1019 (Fla. 1st DCA 2016) (reversing only after noting "it is clear from the trial judge's comments at the sentencing hearing that he accepted as true, and based his sentencing decision on, the prosecutor's assertions [of unsubstantiated conduct]"); *Yisrael*, 65 So. 3d at 1178 (noting that sentencing judge's comments "strongly indicate that the dismissed and pending charges were a factor in the court's determination to impose the maximum allowable sentence").

Moreover, even if the trial court did consider the uncharged conduct, it would not have been error. First, evidence that Barlow expressed interest in sex with a child was not unsubstantiated. At the sentencing hearing, there was a dispute about the conversation at issue, and rather than insist the State produce the actual transcript, Barlow's counsel accepted as true the agent's description of the conversation. Second, the evidence directly related to Barlow's request for a downward departure—a request he based in part on a report indicating he was at low risk to

2

reoffend. That report, in turn, reported that Barlow denied having ever had sexual interest in children. The trial court found no basis for a downward departure, and to the extent it considered evidence directly refuting the report (or Barlow's denial within it), it committed no error.

We also reject Barlow's argument that the trial court committed fundamental error by considering child pornography's general societal harm, rather than the specific harm from Barlow's crime. Barlow relies on *Goldstein v. State*, in which the appellate court found fundamental error in the trial court's "relying on its generalized fears of greater future offenses for any similarly charged [child pornography] defendant and applying a general policy in sentencing Goldstein contrary to Florida law." 154 So. 3d 469, 476 (Fla. 2d DCA 2015). But in Barlow's sentencing, although the court noted the substantial harm child pornography inflicts, it did not announce any policy applicable to all child-pornography cases, and it did not articulate any other impermissible basis for its sentence. Instead, the trial court considered the individual facts of Barlow's case. It considered Barlow's mental-health evaluation and letters and testimony presented on Barlow's behalf. It considered the fact that Barlow shared child pornography and sought more images. And it considered the disgusting nature of the specific images Barlow possessed—images that showed adults engaging in sexual acts with infants.

AFFIRMED.

WOLF, ROWE, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jason Cromey of Jason Cromey Law, P.A., Pensacola, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.