NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KIMBERLY JANE LUNDQUIST,      )
                              )
          Appellant,          )
                              )
v.                            )
                              )          Case No.  2D17-413
STATE OF FLORIDA,             )
                              )
          Appellee.           )
_____)

Opinion filed September 7, 2018.

Appeal from the Circuit Court for DeSoto
County; Kimberly Bonner, Judge.

Howard L. Dimmig, II, Public Defender,
and Maureen E. Surber, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and David Campbell,
Assistant Attorney General, Tampa, for
Appellant.

PER CURIAM.

          Kimberly Lundquist appeals her convictions for sale of methamphetamine

within one thousand feet of a place of worship and possession of paraphernalia and her

resulting sentences after a jury trial.  We affirm Lundquist's convictions without

comment.  However, on appeal she argues that she is entitled to resentencing before a

different judge because the trial court relied on impermissible sentencing factors in imposing her sentence. We agree and reverse.

At sentencing, the State argued that Lundquist was "a consistent drug dealer" and that it could have officers testify that Lundquist had "a predisposition for dealing drugs multiple times to multiple people, not just this one drug sale." Lundquist correctly responded that it was inappropriate for the State to argue uncharged conduct as a basis for sentencing her in this case and testified that she had never sold drugs to anyone outside of the present charges. The State argued that it was not aware of the subsequent sales until trial and that "law enforcement . . . [had] information from multiple informants that they can purchase drugs from her as well." Without citing any authority, the State claimed that it was "absolutely allowed to comment on uncharged criminal acts and the case law is clear on that."

This court has repeatedly explained "that incidents of misconduct occurring after the charged offense, some of which did not result in charges or arrests, [are] impermissible sentencing factors." Love v. State, 235 So. 3d 1037, 1039 (Fla. 2d DCA 2018); see also N.D.W. v. State, 235 So. 3d 1001, 1002 (Fla. 2d DCA 2017) (reversing and remanding for a new disposition hearing when the State relied on uncharged misconduct to support its recommended sentence); Mosley v. State, 198 So. 3d 58, 60 (Fla. 2d DCA 2015) (same); Hernandez v. State, 145 So. 3d 902, 905 (Fla. 2d DCA 2014) ("[U]ncharged crimes cannot be considered when determining a sentence."); Nusspickel v. State, 966 So. 2d 441, 445 (Fla. 2d DCA 2007) ("[U]nsubstantiated allegations of misconduct or speculation that the defendant probably committed other crimes may not be relied upon by a trial court in imposing sentence.").

And "when a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights," committing fundamental error. N.D.W., 235 So. 3d at 1002 (quoting Charles v. State, 204 So. 3d 63, 66 (Fla. 4th DCA 2016)); see also Fernandez v. State, 212 So. 3d 494, 496 (Fla. 2d DCA 2017) ("[C]onsideration of a constitutionally impermissible sentencing factor is a fundamental error in the sentencing process.").

There is no question that the State's argument that Lundquist was a persistent drug dealer was improper in this case. And "[t]he State bears the burden to show from the record as a whole that the trial court did not consider impermissible factors in rendering its sentence." Love, 235 So. 3d at 1039–40 (alteration in original) (quoting Mosley, 198 So. 3d at 60). When imposing sentence, the trial court stated that it was "taking into account everything, including the evidence here, both aggravating and mitigating" and expressed its surprise that Lundquist did not have additional convictions based on the length of time she had been struggling with addiction. As in Love, the trial court did not specifically mention the uncharged misconduct or identify any specific factors that it considered. Id. at 1040. And here, the State extensively relied on that alleged conduct at sentencing and implied, contrary to law, that the trial court was entitled to consider it in imposing sentence. Accordingly the State has failed to meet its burden to show that the trial court did not consider the impermissible factors when imposing Lundquist's sentence in this case.

Accordingly, we reverse Lundquist's sentences and remand for resentencing before a different judge. See id. (citing Fernandez, 212 So. 3d at 497).

Affirmed in part, reversed in part, and remanded with instructions.

NORTHCUTT, SLEET, and SALARIO, JJ., Concur.