NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ADAM T. THARP,
a/k/a ADAM TIMOTHY THARP,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

Case No. 2D17-4513

Opinion filed May 29, 2019.

Appeal from the Circuit Court for Polk
County; J. Kevin Abdoney, Judge.

Howard L. Dimmig, II, Public Defender, and
Matthew D. Bernstein, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Rebecca Rock McGuigan,
Assistant Attorney General, Daytona Beach,
for Appellee.

VILLANTI, Judge.

      Adam Tharp appeals his convictions and sentences for two counts of lewd

and lascivious exhibition. Tharp pleaded guilty to both charges in an open plea to the

court. In this appeal, he does not challenge his convictions, but he contends that the

trial court violated his due process rights by considering evidence of uncharged subsequent conduct when imposing his sentences. Because the record shows that the court did in fact consider this impermissible evidence at sentencing, we reverse Tharp's sentences and remand for resentencing before a different judge.

The record shows that Tharp committed a lewd act in the children's section of a Winter Haven library on May 10, 2016. At that time, a portion of the incident was captured on video, but Tharp was not identified or stopped before he left the library. The next day—May 11—Tharp was captured on video walking around in the children's section of a library in Lakeland; however, no illegal or improper conduct was captured on the video. The day after that—May 12—Tharp was identified as the perpetrator of the May 10 incident based on the video evidence from both Winter Haven and Lakeland, and he was arrested and charged with that offense. No charges were ever brought based on his odd but benign May 11 visit to the Lakeland library. Tharp was also later charged with another lewd act that had occurred in 2015.

Tharp ultimately entered an open guilty plea to both charges of lewd and lascivious conduct—the one from 2015 and the one from May 10, 2016. At his sentencing hearing, the State sought to introduce the video of him in the Lakeland library on May 11, 2016, even though that video showed no criminal conduct and even though Tharp was not charged with any crimes based on his conduct in that library. The State argued that it should be permitted to introduce the video, and that the court was entitled to rely on it at sentencing, because it was relevant to prove Tharp's lewd intent and a lack of mistake. The State also argued that the video was relevant to show that Tharp was unable to conform his conduct to what society would expect because he

went to the Lakeland library the day after the incident at the Winter Haven library. The State further contended that the court could consider the video as an "illustration of . . . well, it's very, very similar to the behavior he exhibited the day before."

In response, Tharp argued that he had already pleaded guilty to the charges against him, and therefore the issues of intent and lack of mistake were not relevant. He also pointed out that the video was not relevant to prove that he could not conform his conduct to what society expected because he had not been arrested on any charge before he went to the Lakeland library. Finally, he specifically objected to the court considering the video since it was nothing more than evidence of subsequent uncharged conduct.

After entertaining these arguments, the trial court admitted the video on the theory that it was relevant to rebut any argument that Tharp did not pose a danger to the community and to establish that Tharp was not amenable to supervision or treatment. The court specifically stated that it was "appropriate to consider" the video in making its sentencing determination. And then, even though the lowest permissible sentence was any nonstate prison sanction, the trial court sentenced Tharp, who had no prior record, to ten years in prison followed by fifteen years' probation. Tharp now appeals the sentences imposed.

The sole issue raised in this appeal is the propriety of the trial court considering the video of the events that occurred in the Lakeland library the day after the events that resulted in the charges against Tharp. As this court has repeatedly held,

> "incidents of misconduct occurring after the charged offense, some of which did not result in charges or arrests, [are] impermissible sentencing factors." Love v. State, 235 So. 3d 1037, 1039 (Fla. 2d DCA 2018); see also N.D.W. v. State,

235 So. 3d 1001, 1002 (Fla. 2d DCA 2017) (reversing and remanding for a new disposition hearing when the State relied on uncharged misconduct to support its recommended sentence); Mosley v. State, 198 So. 3d 58, 60 (Fla. 2d DCA 2015) (same); Hernandez v. State, 145 So. 3d 902, 905 (Fla. 2d DCA 2014) ("[U]ncharged crimes cannot be considered when determining a sentence."); Nusspickel v. State, 966 So. 2d 441, 445 (Fla. 2d DCA 2007) ("[U]nsubstantiated allegations of misconduct or speculation that the defendant probably committed other crimes may not be relied upon by a trial court in imposing sentence.").

Lundquist v. State, 254 So. 3d 1159, 1160 (Fla. 2d DCA 2018) (alterations in original); cf. Norvil v. State, 191 So. 3d 406, 410 (Fla. 2016) (adopting a bright line rule that trial courts may not consider a subsequent arrest without conviction during sentencing for the primary offense).  If the trial court does, in fact, impermissibly consider such uncharged conduct or relies on speculation that the defendant has committed or may commit other crimes based on its view of the uncharged conduct, the trial court violates the defendant's due process rights.  Lundquist, 254 So. 3d at 1160; see also Love, 235 So. 3d at 1039 (holding that the trial court may not rely on evidence of subsequent misconduct, whether or not that misconduct resulted in an actual arrest); N.D.W., 235 So. 3d at 1002; Nusspickel, 966 So. 2d at 445.

Here, there is no question that the trial court relied on the video of Tharp's visit to the Lakeland library on May 11—the day after the charged offense occurred—when making its decision concerning Tharp's sentences.  Thus, if the video constituted evidence of uncharged misconduct, it was improperly considered by the court and Tharp would be entitled to be resentenced.

In the trial court, and again in its appellate brief, the State contends that the video did not constitute evidence of uncharged misconduct because it did not depict

- 4 -

any criminal conduct by Tharp. However, the law precludes consideration of subsequent misconduct or bad acts; not just subsequent criminal conduct. See Love, 235 So. 3d at 1039. Further, the State specifically relied on the video in an effort to prove lewd intent and lack of mistake and argued that the video showed that Tharp was unable to control his conduct and therefore was not amenable to placement on probation. Essentially, the State's position was that Tharp's odd conduct as depicted in the video proved that he would offend again if not imprisoned. As such, the video was used by the State to argue for an enhanced sentence based on Tharp's commission of uncharged bad acts—the exact reason found improper by the supreme court in Norvil and by this court in Lundquist. Therefore, the video of Tharp's activities in the Lakeland library, which at most constituted nothing more than evidence of subsequent uncharged bad acts, should not have been admitted or relied upon by the trial court in making its sentencing decision.

Accordingly, we must reverse Tharp's sentences and remand for resentencing. Such resentencing should take place before a different judge. See Love, 235 So. 3d at 1040; see also Fernandez v. State, 212 So. 3d 494, 497 (Fla. 2d DCA 2017) (remanding for resentencing before a different judge when the trial court considered impermissible factors at sentencing); Gray v. State, 964 So. 2d 884, 885 (Fla. 2d DCA 2007) (same); Schwartzberg v. State, 215 So. 3d 611, 616 (Fla. 4th DCA 2017) (remanding for resentencing before a different judge "to preclude any perception on [appellant's] part that the resentencing may not be conducted in a completely fair and impartial manner" (alteration in original) (quoting Mirutil v. State, 30 So. 3d 588, 591 (Fla. 3d DCA 2010))). In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded for resentencing before a different judge.

KHOUZAM and BADALAMENTI, JJ., Concur.