DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOVANY LUIS ORTIZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2418

[January 9, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 50-2015-CF-005110-AXXX-MB.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Brooke Moody, Attorney General, Tallahassee, and Kimberly T. Acuna, Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Jovany Ortiz appeals his convictions and sentences, raising seven issues on appeal. We find that his first issue raised has merit in that the trial court erred by considering acquitted conduct during sentencing. Thus, we reverse for resentencing. With respect to the remaining issues, we affirm without further discussion.

Ortiz was indicted with first-degree murder with a firearm, attempted first-degree murder with a firearm, and aggravated assault with a firearm after opening fire and shooting two victims outside of a bar in downtown West Palm Beach. The jury convicted Ortiz of the lesser included offenses of second-degree murder and attempted manslaughter by act, and of aggravated assault with a firearm as charged.

Ortiz was sentenced to forty years of imprisonment for the second-degree murder conviction, fifteen years for attempted manslaughter by act, and three years for aggravated assault with a firearm, all to run concurrently.

At sentencing, the trial court made the following statements:

> Mr. Ortiz, the jury rejected your self-defense claim, and I do recognize that; the facts indicate here, *there was actual reflection on your actions when you committed this murder.*
>
> *Your reflection in the time that you spent thinking about this*, the jury found you guilty of *still* driving by this place and when you opened fire, you risked many lives.

(Emphasis added).

Although defense counsel did not object to these statements below, Ortiz now contends that by considering "actual reflection" in committing these crimes, the trial court erroneously considered the acquitted conduct of premeditation, since the jury declined to convict him of first-degree and attempted first-degree murder. We must agree.

A sentence within the permissible statutory range generally is not subject to review, but an exception is made where a court violates a defendant's due process rights by relying on impermissible factors in sentencing. *See Charles v. State*, 204 So. 3d 63, 66 (Fla. 4th DCA 2016). "'[A] trial court's consideration of a constitutionally impermissible sentencing factor is a fundamental error in the sentencing process' which is reviewable for the first time on direct appeal." *Hillary v. State*, 232 So. 3d 3, 4 (Fla. 4th DCA 2017) (alteration in original) (quoting *Fernandez v. State*, 212 So. 3d 494, 496 (Fla. 2d DCA 2017)).

"[I]t is a violation of due process for the court to rely on conduct of which the defendant has actually been acquitted when imposing a sentence." *Dinkines v. State*, 122 So. 3d 477, 481 (Fla. 4th DCA 2013) (quoting *Doty v. State*, 884 So. 2d 547, 549 (Fla. 4th DCA 2004)). Where a "sentencing judge's comments suggest that the sentence imposed was based on improper considerations, that sentence must be reversed . . . ." *Parague v. State*, 222 So. 3d 567, 572 (Fla. 4th DCA 2017) (quoting *Allen v. State*, 211 So. 3d 48, 50 (Fla. 4th DCA 2017)).

When the trial court's comments are viewed in light of the jury instructions, it appears that the trial court indeed considered conduct of which the jury acquitted Ortiz. According to the jury instructions, to convict Ortiz of first-degree murder, the jury was required to find in relevant part that "[t]here was a premeditated killing of" the victim. Similarly, to find attempted first-degree murder, the jury was required to

find that Ortiz "acted with a premeditated design to kill" the victim. The jury instructions define premeditation as follows:

> "Killing with premeditation" is killing after consciously deciding to do so. . . . The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow *reflection* by the defendant. The premeditated intent to kill must be formed before the killing.
>
> . . . .
>
> A premeditated design to kill means that there was a conscious decision to kill. . . . The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the act. The period of time must be long enough to allow *reflection* by the defendant. The premeditated intent to kill must be formed before the act was committed.

(Emphasis added).

By declining to convict Ortiz of first-degree murder and attempted first-degree murder, the jury essentially acquitted Ortiz of premeditated conduct – i.e., "reflection" – prior to the shooting. Instead, the jury found that Ortiz committed second-degree murder and attempted manslaughter by act, neither of which includes a premeditation element.

Where the record reflects that the trial court may have relied on an impermissible consideration in sentencing, the state bears the burden of establishing that the consideration "played no part in the sentence imposed." *Epprecht v. State*, 488 So. 2d 129, 131 (Fla. 3d DCA 1986). The state has not met this burden in the case at hand.

Accordingly, we reverse Ortiz's sentences and, as we frequently do in situations as this, remand for resentencing before a different judge.

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and CONNER, JJ., concur.

*   *   *

3

*Not final until disposition of timely filed motion for rehearing.*

4