NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VICTOR TAYLOR LOVE,                        )
                                           )
      Appellant,                           )
                                           )
v.                                         )          Case No. 2D18-4461
                                           )
STATE OF FLORIDA,                          )
                                           )
      Appellee.                            )
_____)

Opinion filed November 22, 2019.

Appeal from the Circuit Court for Pasco
County; Kimberly Campbell, Judge.

Howard L. Dimmig, II, Public Defender, and
Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Kelly O'Neill, Assistant
Attorney General, Tampa, for Appellee.

LUCAS, Judge.

      Victor Love was charged with robbery with a firearm and carjacking with a firearm arising from events that took place on December 9, 2015. Mr. Love was found guilty as charged on both counts; however, the jury specifically found that Mr. Love did not carry a weapon during both offenses. Mr. Love was originally sentenced to

concurrent sentences of twelve years' imprisonment; however, our court reversed this sentence, determining that Mr. Love's sentence was based, at least in part, on impermissible sentencing factors.  See Love v. State, 235 So. 3d 1037 (Fla. 2d DCA 2018) (Love I).  He now raises two issues on appeal, both of which revolve around the contention that the trial court once again considered impermissible sentencing factors. Because we agree with his argument on the first issue, we do not need to reach the second.

In accordance with our mandate from Love I, the circuit court convened a new sentencing hearing before a different judge.  During that hearing, the State presented additional evidence, including new convictions of grand theft of a motor vehicle and threats to law enforcement.  The State requested the same sentence of fifteen years that it had originally sought in Mr. Love's first sentencing hearing.  The circuit court elected to sentence Mr. Love to a fourteen-year sentence of imprisonment, stating:

> I have reviewed the trial transcript up to and including specific pages: Page 134, Mr. Love approached two strangers.  *He hit the door handle with his gun.*  Page 141, he came from behind the victims. 142, *the female victim testified that the gun was in her face and she was forced to the road.*  Page 150, I believe it was the male victim stated that during the testimony he sat there watching and that she was begging him.  *The gun was aimed at her.*  And that a phone that was taken was thrown out of the window.  And on Page 220, *the defendant and the codefendant were both seen with the firearm*.
>
> Mr. Love was convicted of robbery, second-degree felony; carjacking, first-degree felony.  Testimony has been received from Deputy Bailey as well as Mr. Love's mother, Tammy Love and his Uncle Gene [sic] Mitchell.  The Court has considered—and there was also a statement by Mr. Love himself.

The Court has considered all of the testimony that has been presented, as well as the Case Number 2015CF8556 and 2017MM836 which is a misdemeanor as well as a felony grand theft of a motor vehicle and threats to law enforcement which have occurred and been convicted after the sentencing or after the trial date.

Pursuant to the mandate, by the Second DCA I did not originally sentence Mr. Love. Considering the review as well as the testimony that has been received at this time, I would sentence Mr. Love to 14 years Department of Corrections, credit for time served . . . .

(Emphasis added.)

In the first issue of his appeal, Mr. Love argues that his sentence for robbery and carjacking was improper because the circuit court considered conduct of which he was acquitted, namely, his possession of a firearm while committing these crimes. He also argues that notwithstanding his counsel's inexplicable failure to raise an objection, the circuit court's consideration of the testimony that he possessed a firearm during the commission of these offenses—testimony the jury apparently rejected when it acquitted him—constituted fundamental error. Mr. Love is correct, and he will need to be resentenced once again. See Fernandez v. State, 212 So. 3d 494, 496 (Fla. 2d DCA 2017) (holding that consideration of a constitutionally impermissible sentencing factor may amount to fundamental error).

A court cannot "rely on conduct of which the defendant has actually been acquitted when imposing a sentence." Ortiz v. State, 264 So. 3d 1032, 1034 (Fla. 4th DCA 2019) (quoting Dinkines v. State, 122 So. 3d 477, 481 (Fla. 4th DCA 2013)); see also Epprecht v. State, 488 So. 2d 129, 131 (Fla. 3d DCA 1986) ("[I]t is fundamental that the due process clause prohibits a court from considering charges of which an

- 3 -

accused has been acquitted in passing sentence." (citing Townsend v. Burke, 334 U.S. 736, 740 (1948))). Here, it is apparent that the circuit court did just that. Cf. Mosley v. State, 198 So. 3d 58, 60 (Fla. 2d DCA 2015) (observing that the question of whether a circuit court considered impermissible sentencing factors is reviewed de novo and explaining that "[t]he State bears the burden to show from the record as a whole that the trial court did not consider impermissible factors in rendering its sentence" (citing Nusspickel v. State, 966 So. 2d 441, 444-45 (Fla. 2d DCA 2007))). Accordingly, we must reverse the sentences below and remand this case for resentencing before a different judge.[1]

Reversed and remanded for resentencing.

KELLY and VILLANTI, JJ., Concur.

_____

[1]The State does not argue that if we were to reverse the court's sentence, the case need not be reassigned to a different judge. Accord Fernandez, 212 So. 3d at 497 n.1 (questioning whether it is always necessary to remand for resentencing before a different judge but doing so anyway since reassignment had not been contested by the State). For the benefit of the judge who will preside over Mr. Love's resentencing, we would note that footnote 1 in the Love I opinion should not be read to mandate consideration of Mr. Love's alleged gang affiliation over what might be otherwise valid evidentiary or constitutional objections to the admission of that evidence. By noting that "the trial court would have been permitted to consider" such evidence in Love I, we were simply referring to a category of evidence that could be considered; we were not holding that that evidence had, in fact, been properly admitted and established.

- 4 -